# EXHIBIT A

FILED
Gary Harrison
CLERK, SUPERIOR COURT
4/21/2020 5:10:00 PM
BY: ARTHUR ROBLES /S/
DEPUTY

Case No. C20201813
HON. JANET C. BOSTWICK

**KENT LAW, PLC**
7540 South Willow Drive
Tempe, Arizona 85283
(480) 359-KENT(5368)
Jonathan J. Henry, Esq.
State Bar No. 027976
Daniel C. Kaapke, Esq.
State Bar No. 034562
Litigation@Kent-Law.org
Attorneys for Plaintiff

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| SARA TWAREK, a single person,<br><br>　　Plaintiff,<br><br>v.<br><br>CHEDDAR'S CASUAL CAFE, INC. dba CHEDDAR'S SCRATCH KITCHEN, a foreign corporation; XYZ Corporations I-III; ABC Partnerships I-III; John and Jane Does I-III,<br><br>　　Defendants. | No.:<br><br>**COMPLAINT**<br><br><br><br><br><br><br><br>(Tort- Premises Liability) |

Plaintiff **SARA TWAREK**, hereinafter referred to as "Plaintiff", by and through undersigned counsel complaining of the Defendants, and in support thereof, states as follows:

### JURISDICTION & VENUE

1. Plaintiff **SARA TWAREK** is, and at all times relevant hereto, a resident of Maricopa County, State of Arizona.

2. The events giving rise to the cause of action set forth herein occurred within the State of Arizona, County of Pima; and this court has jurisdiction over the subject matter and parties to this litigation.

1

3. Defendant **CHEDDAR'S CASUAL CAFE, INC. dba CHEDDAR'S SCRATCH KITCHEN** (hereafter "Cheddar's"), is a foreign corporation doing business in Pima, Arizona; and has caused events to occur in Pima County, Arizona, out of which the claim that is the subject of this Complaint arose.

4. Defendant **CHEDDAR'S**, has caused events to occur in Pima County, State of Arizona out of which the claim which is the subject of this Complaint arose by virtue of its vicarious liability for the actions and omissions of its duly authorized agents, servants, contractors, and employees, acting within the course and scope of employment of Defendant **CHEDDAR'S**.

5. The true names and capacities, whether individual, corporate or otherwise, of the Defendants John and Jane Does I-III, ABC Partnerships I-III, and XYZ Corporations I-III, are unknown to the Plaintiff who therefore sues said defendants by such fictitious names and will ask leave to amend this Complaint to state their true names and capacities at such time as the same become known to the Plaintiff.

6. Defendants are residents or citizens of the State of Arizona, or caused events to occur in the State of Arizona, out of which the claim which is the subject of this Complaint arose. Said corporate Defendants are either Arizona corporations or foreign corporations, partnerships, joint ventures, or other legal entities, which are doing business in Arizona or have caused events to occur in the State of Arizona out of which the claim that is the subject of this Complaint arose.

7. Plaintiff is informed and believes and therefore alleges that each of the defendants designated herein are legally responsible for the events and happenings herein referred to, and legally caused injury and damages proximately thereby to Plaintiff as herein alleged.

8. Plaintiff seeks damages in excess of the minimum jurisdictional limits of this Court.

. . .

## GENERAL ALLEGATIONS OF FACT

9. On or about May 17, 2018, and for some time prior thereto, Defendant **CHEDDAR'S**, through its duly authorized agents, servants and employees, possessed, controlled, managed, operated, and supervised a restaurant at or near 3455 E Broadway Blvd, Tucson, AZ 85716.

10. On May 17, 2018, Plaintiff entered said location as a business invitee for the purpose of dining. On said date, Plaintiff **SARA TWAREK**, was served a sandwich prepared and served by Defendant **CHEDDAR'S** through its duly authorized agents, servants and employees, while acting within the course and scope of employment. Upon biting into the sandwich, Plaintiff's teeth made contact with a large, hard substance, believed to be a piece of bone, which damaged Plaintiff's teeth.

10. Defendant **CHEDDAR'S** knew or should have known, since they prepared the food, and through reasonable inspection of the food served, that the food contained a large, hard substance, similar to a bone. Defendants **CHEDDAR'S**, through their duly authorized agents, servants, and employees, negligently caused, negligently maintained, and/or negligently allowed the premises of said place of business to remain in a dangerous and defective condition.

11. Defendant **CHEDDAR'S**, through its duly authorized agents, servants and employees negligently caused, negligently prepared, and/or negligently served a dangerous and defective product to Plaintiff **SARA TWAREK**, while failing to warn Plaintiff of the dangerous and defective condition of the product.

12. Plaintiff **SARA TWAREK** was injured and damaged, and therefore incurred monetary expenses.

. . .

3

## COUNT ONE: RESPONDEAT SUPERIOR

13. Plaintiff incorporates all previous paragraphs and all allegations herein by reference as if fully set forth herein.

14. At all relevant times to the subject incident, the agent(s) and/or employee(s) who caused, permitted, offered, or sold the defective, dangerous items and/ or product, to Plaintiff **SARA TWAREK**, were acting within the course and scope of their employment with Defendant **CHEDDAR'S**.

15. Defendant **CHEDDAR'S** is responsible for the negligent actions of its employees on the basis of respondeat superior, master servant, general agency principles, and otherwise.

## COUNT TWO: NEGLIGENCE

19. Plaintiff incorporates all previous paragraphs and allegations herein by reference as if fully set forth herein.

16. Defendant **CHEDDAR'S**, through their duly authorized agents, servants and employees owed a duty to Plaintiff **SARA TWAREK** to maintain said premises in safe condition.

17. Defendant **CHEDDAR'S** through their duly authorized agents, servants and employees negligently caused, negligently maintained, and/or negligently allowed the premises and/or operation of said business place in a dangerous and defective condition. Specifically, Defendants knew of or should have known of the large, hard substance in Plaintiff's sandwich, since they prepared the sandwich.

20. Defendant **CHEDDAR'S**, through their duly authorized agents, servants and employees caused, knew, or should have known of the dangerous condition that existed there and did not take proper corrective action to make premises safe for persons at said location. Specifically, Defendant **CHEDDAR'S** prepared the sandwich, yet failed to warn Plaintiff of the

large, hard substance in the sandwich.

21. Defendant **CHEDDAR'S** through their duly authorized agents, servants and employees failed to remedy this dangerous condition, failed to give warning of this dangerous condition and/or otherwise failed to exercise reasonable care, diligence and prudence of said premises and/or operation of said business.

22. Defendant **CHEDDAR'S'** breach of this duty is the legal and proximate cause of Plaintiff's damages, which include but are not limited to physical injuries, pain and suffering since the accident, past and future medical expenses, loss of earnings, and mental and emotional anguish, all in an amount to be determined at trial.

## COUNT THREE: PREMISES LIABILITY

23. Plaintiff incorporates all previous paragraphs and allegations herein by reference as if fully set forth herein.

24. Defendant **CHEDDAR'S** through their duly authorized agents, servants and employees was required to use reasonable care when maintaining said premises and/or operation to prevent injuring to the business invitees at the said location.

25. Defendant **CHEDDAR'S**, through its duly authorized agents, servants and employees, created, knew or should have known that the hazards that were present created an imminent risk of harm and/or danger to Plaintiff.

26. Defendant **CHEDDAR'S**, through its duly authorized agents, servants and employees knew or should have known of the dangerous condition that existed, and knew or should have known that there were no warnings of safeguards in place to protect the business invitees against the danger created by large, hard substance in the sandwich.

27. Plaintiff **SARA TWAREK** was injured as a result of Defendants' failure to warn

of, safeguard, or remedy an unreasonably dangerous condition on said premises.

28. As a proximate result of Defendant **CHEDDAR'S**, failure to warn of, safeguard, or remedy an unreasonably dangerous condition, Plaintiff was injured and suffered damages which include but are not limited to physical injuries, pain and suffering since the accident, past and future medical expenses and mental and emotional anguish, all in an amount to be determined at trial.

### COUNT FOUR: PRODUCTS LIABILITY – STRICT LIABILTY

29. Plaintiff incorporates all previous paragraphs and allegations herein by reference as if fully set forth herein.

30. Defendant **CHEDDAR'S** manufactured and sold the unsafe food product that injured Plaintiff **SARA TWAREK**. The sandwich that caused Plaintiff's injuries was in Defendant **CHEDDAR'S** care, custody and control when Defendants served, permitted, offered, produced, handled, prepared, delivered, and/or sold the food product to Plaintiff in an unreasonably dangerous defective and/or unsafe condition for its foreseeable and intended use.

31. The product Defendant **CHEDDAR'S** manufactured and sold, and that Plaintiff consumed, was not reasonably safe in preparation and did not conform to the Defendants **CHEDDAR'S** express or implied warranties because it was not fit for human consumption.

32. Plaintiff **SARA TWAREK**, is a person whom Defendants **CHEDDAR'S** might reasonably have expected to use, consume or be affected by its potentially unsafe food products.

33. Alternatively, Defendant **CHEDDAR'S** failed in its duties to Plaintiff to warn of the dangers inherent in the intended use/consumption of the defective food and to warn of the dangers involved in the use/consumption when defective and/or unsafe, which could be reasonably

anticipated, thereby proximately causing Plaintiff **SARA TWAREK** injuries and damages as set forth herein.

34. Because the food that Defendant **CHEDDAR'S** manufactured and sold and that was later consumed by Plaintiff **SARA TWAREK**, was not reasonably safe in design and construction, was not fit for human consumption, lacked adequate warnings and instructions, and/or did not conform to applicable food safety regulations, Defendant **CHEDDAR'S** breached both express and implied warranties, and is strictly liable to Plaintiff for the harm proximately caused to her by its manufacture and sale of contaminated and adulterated food products.

35. As a proximate result of the negligence, carelessness, and recklessness of Defendant **CHEDDAR'S**, Plaintiff sustained severe personal injuries. Plaintiff has suffered emotional distress, pain and suffering, as well as having incurred medical, and other special damages, and other losses and miscellaneous expenses in amounts to be proven at trial.

## COUNT FIVE: (NEGLIGENT HIRING, TRAINING, RETENTION AND SUPERVISION)

36. Plaintiff incorporates all previous paragraphs and allegations herein by reference as if fully set forth herein.

37. Defendant **CHEDDAR'S** through its duly authorized agents, servants and employees, while acting within the course and scope of employment were negligent for:

a. Hiring agents, servants and employees, who may have been inadequately qualified and/or experienced for their positions;

b. Failing to adequately train agents, servants and employees, who worked at said facility;

c. Failing to adequately supervise agents, servants and employees, who worked at said facility;

d. Failing to reasonably discipline agents, servants and employees, who worked at said facility for any improper conduct prior to the subject incident;

e. Failing to terminate agents, servants and employees, who worked at said facility for inadequate performance prior to the subject incident; and/or

f. Implementing, maintaining and/or tolerating policies, practices and customs which contributed to the improper conduct of agents, servants and employees, who worked at said location;

38. Defendant **CHEDDAR'S** breach of this duty is the legal and proximate cause of Plaintiff's damages, which include but are not limited to physical injuries, pain and suffering since the incident, past and future medical expenses, loss of earnings, and mental and emotional anguish, all in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff **SARA TWAREK** prays for judgment against the Defendants, and each of them, as follows:

1. For such sums as and for general damages in excess of the jurisdictional minimum of this court.

2. For such sums as and for special damages as will be proven at the time of trial.

3. For pre- and post- judgment interest at the maximum rate permitted by law.

4. For costs of suit herein and for such other and further relief as the court deems just and proper.

. . .

RESPECTFULLY SUBMITTED this April 21, 2020.

          KENT LAW PLC.

          _____
          Jonathan J. Henry, Esq.
          Daniel C. Kaapke, Esq.
          *Attorneys for Plaintiff*